[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff seeks a prejudgment remedy against the defendant, Kathleen Tarro. Tarro is the principal of Interiors of Yesterday, LLC (Interiors). The plaintiff, Orsini, was Interiors' landlord, and pursued Interiors through arbitration for back rent and various other damages. Orsini was successful and received an arbitration award in his favor in the amount of $110,000. That award has been confirmed by the Superior Court.
Tarro, as a pro se, attempted to appeal that court's judgment. The Appellate Court, sua sponte, ordered a hearing as to why that appeal should not be dismissed. The matter was heard but has not yet been decided.
Tarro, as a pro se, attempted to file bankruptcy for Interiors on October 19, 2001. Tarro, on February 6, 2002, again attempted to file a voluntary bankruptcy petition for Interiors. The bankruptcy court has also scheduled the matter for determination as to its dismissal for an invalid pro se filing.
The plaintiff, Orsini, has brought this proceeding for a prejudgment remedy asserting that there is probable cause that he will be successful on the merits of a claim against Tarro individually for vexatious defenses interposed in the arbitration proceeding and in filing the bankruptcy petitions.
Connecticut General Statutes § 52-568 provides: "Any person who commences and prosecutes any civil action or complaint against another, in his own name or the names of others, or asserts a defense to any civil action or complaint commenced and prosecuted by another (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages." CT Page 11811
The defendant has asserted that this cause of action is not available to the plaintiff for allegations of vexatious conduct arising out of the arbitration, because an arbitration proceeding is not a civil action. The court holds that neither the arbitration nor the proceedings in Superior Court to confirm the arbitration award constitute a civil action within the meaning of § 52-568.
"Arbitration differs from judicial proceedings in many ways: arbitration carries no right to a jury trial as guaranteed by the Seventh Amendment; arbitrators need not be instructed in the law; they are not barred by rules of evidence; they need not give reasons for their awards; witnesses need not be sworn; the record of proceedings need not be complete; and judicial review, it has been held, is extremely limited." Republic Steel Corp. v. Maddox, 379 U.S. 650, 664, 8th S.Ct. 614, 13 L.Ed.2d 580 (1965).
The plaintiff has made no claims of vexatious conduct regarding the Housing Court matters between the plaintiff and Interiors.
The bankruptcy proceedings are civil actions; Tarro has not disputed this. The court finds that there is probable cause that the plaintiff will prevail in his claim that these bankruptcy petitions improperly initiated by Tarro, with no bona fide basis to believe she had the right to so proceed, were vexatious proceedings by Tarro. The court finds, based on the evidence before it, that the plaintiff has incurred damages by way of attorney fees and costs regarding the bankruptcy in the amount of $4,175.
The appeal filed pro se by Tarro was also a civil action filed without merit or a bona fide belief in the right to so proceed. As a result of this vexatious conduct, there is probable cause to believe the plaintiff will be successful on the merits of this aspect of the claim. The plaintiff has established damages by way of attorney fees in the amount of $1,150.
Based upon the evidence before the court for this proceeding, the court finds there is probable cause the plaintiff will prevail at least in part and issues a prejudgment remedy attachment in the amount of $5,500.00.
 ___________________ Lynda B. Munro Judge of the Superior Court
CT Page 11812